**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 09-81470-CIV-MARRA/JOHNSON**

ERIC SPRINGER and MAURICE J. SEGHERS,
JR., on behalf of themselves and all others
similarly situated,

       Plaintiffs,

vs.

TIGRENT INC. (f/k/a WHITNEY
INFORMATION NETWORK, INC.),
EDUTRADES, INC., WEALTH
INTELLIGENCE ACADEMY, INC., LINDA
WOOLF, DAVID GENGLER, HANDS ON
CAPITAL, INC., and LASHAICO, INC.

       Defendants.

_____

## ORDER AND FINAL JUDGMENT

       The Court, having reviewed and considered the Joint Motion for Final Approval of

Stipulation and Agreement of Settlement and Final Approval of Settlement Class Certification

(the "Motion") and the executed Stipulation and Agreement of Settlement; having heard and

considered evidence and argument in support of the proposed Settlement; having given an

opportunity to all persons to be heard in accordance with the Preliminary Approval Order;

having determined that Notice to the Settlement Class (as defined below) certified in the Action

pursuant to the aforesaid Preliminary Approval Order was adequate and sufficient; and the entire

matter of the proposed Settlement having been otherwise heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      The Stipulation and the exhibits attached thereto are incorporated as though fully set forth in this Order and Final Judgment ("the Judgment").  Unless otherwise defined herein, all defined terms shall have the meaning set forth in the Stipulation.

2.      The form and manner of Notice given to the members of the Settlement Class ("Settlement Class Members") are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and other applicable law.

3.      In full compliance with the requirements of 28 U.S.C. § 1715, Defendants, Tigrent Inc. (f/k/a Whitney Information Network, Inc.), Tigrent Enterprises Inc. (f/k/a EduTrades, Inc.), and Tigrent Learning Inc. (f/k/a Wealth Intelligence Academy, Inc.) (collectively, the "Tigrent Defendants"), provided notice of the Settlement to the Attorney General of the United States and the appropriate state official of every state.  As further required under 28 U.S.C. § 1715, more than ninety (90) days have elapsed since the service of such notices on the Attorney General of the United States and the appropriate state officials.

4.      Based on the record of the Action, the provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied and the Action has been properly maintained in accordance with such provisions.  Specifically, this Court finds that: (i) the Settlement Class Members are so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the Settlement Class that predominate over any individual questions; (iii) the claims of Plaintiffs are typical of the claims of the Settlement Class; (iv) Plaintiffs and Plaintiffs counsel have fairly and adequately represented and protected

the interests of the Settlement Class; (v) questions of law or fact common to all Settlement Class

Members predominate over any questions affecting only individual Settlement Class Members;

and (vi) a class action is superior to other available methods for fairly and efficiently adjudicating

the controversy.  Plaintiffs Eric Springer and Maurice J. Seghers, Jr. are designated as class

representatives.  The law firm of Fishman Haygood Phelps Walmsley Willis & Swanson, L.L.P.

is designated as Lead Counsel for the Settlement Class, and the law firm of Colling Gilbert

Wright & Carter is designated as Liaison Counsel for the Settlement Class.

     5.     The above-captioned action (the "Action") is certified as a class action pursuant to

Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who paid to attend a

Teach Me to Trade ("TMTT") seminar or purchased a TMTT product or service, and who have

not subsequently received a full refund of the money spent on such seminar, product, or service,

including any and all of their respective successors in interest, predecessors, representatives,

trustees, executors, administrators, heirs, assigns, and any person or entity acting for or on behalf

of them (excluding Defendants and their respective successors in interest, predecessors,

representatives, trustees, executors, administrators, heirs, assigns, and any person or entity acting

for or on behalf of them) (the "Settlement Class"), except for those Settlement Class Members

who have timely filed opt-out notices as set forth on Exhibit "A" hereto (the "Opt-Out List").

Nothing in this Order and Final Judgment or the Settlement upon which it is based shall apply to

or be binding upon the Settlement Class Members appearing on the Opt-Out List.

     6.     The Court hereby approves the Stipulation and the Settlement as, in all respects,

fair, reasonable, and adequate to the Settlement Class, and in the best interest of the Class, under

Rule 23 of the Federal Rules of Civil Procedure.  The parties to the Stipulation are hereby

authorized and directed to comply with and to consummate the Settlement in accordance with its

terms and provisions, and the Clerk of Court is directed to enter and docket this Judgment in the Action.

7.      All objections have been considered by the Court, are found to be without merit, and are hereby overruled.

8.      The claims of Plaintiffs and the Settlement Class are dismissed against all Defendants without attorneys' fees or costs (except as otherwise provided in the Stipulation) and with prejudice.

9.      Upon entry of this Judgment, any and all known and unknown claims for legal or equitable relief or any other remedy against any of the Defendants, together with any and all of their present or former affiliates, parents, subsidiaries (including the partners, shareholders, members, managers, directors, and officers of such affiliates, parents, and subsidiaries), general partners, limited partners, partnerships, and their respective shareholders, members, managers, officers, directors, managing directors, employees, agents, attorneys, advisors, insurers, accountants, auditors, trustees, financial advisors, lenders, investment bankers, associates, representatives, heirs, executors, personal representatives, estates, administrators, successors and assigns (collectively, the "Released Persons") that have been or could have been asserted by any Settlement Class Member in any forum, including class, derivative, individual, or other claims, whether state, federal, foreign, common law, statutory, or regulatory, arising out of, related to, or concerning the subject matter referred to in the Action, including, without limitation, (i) the marketing, sale, and purchase of TMTT seminars, products, or services; (ii) representations or omissions allegedly made in connection with TMTT seminars, products, or services; and (iii) any damage, loss, or injury allegedly incurred in connection with TMTT seminars, products, or services (collectively, the "Released Claims"), are fully, finally, and forever compromised,

settled, extinguished, dismissed, discharged, and released with prejudice, excepting only claims to enforce the terms of the Settlement.

10.     The Released Claims extend to claims that Plaintiffs and/or any Settlement Class Members did not know or suspect to exist at the time of the release, which, if known, might have affected the decision to enter into the release or to object or not to object to the Settlement (collectively, the "Unknown Claims").  Plaintiffs and all Settlement Class Members are deemed to waive, and do waive to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred upon them by Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and all Settlement Class Members are also deemed to waive, and do waive to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code or which otherwise governs or limits a person's release of Unknown Claims.  The foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

11.     Plaintiffs, Plaintiffs counsel, and all Settlement Class Members are permanently barred and enjoined from instituting, commencing, instigating, prosecuting, or in any way participating in the commencement or prosecution of any Released Claims in any court or

tribunal of this or any other jurisdiction, whether directly, individually, derivatively, representatively or in any other capacity.

12.     Plaintiffs' counsel is awarded attorneys' fees and taxable costs in the amount of $90,000.00, which amount shall be paid by the Tigrent Defendants pursuant to the terms of the Stipulation.  The Court finds this sum to be fair and reasonable.

13.     The class representatives are awarded $10,000.00 each as an incentive award for their efforts and participation as the named plaintiffs and class representatives.

14.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Tigrent Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Tigrent Defendants in any proceeding of any sort in any court, administrative agency, or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement provided therein, or this Judgment. Defendants may file the Stipulation and/or this Judgment in any action that has been brought or may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or similar defense or counterclaim.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation (including as it may be amended by the parties with approval of the Court), then this Judgment shall be rendered null and void to the extent provided by, and in accordance with, the Stipulation, and this Judgment shall be vacated and, in such event, all orders

entered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.     Without affecting the finality of this Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement, including the payment of attorneys fees, expenses, and incentive awards.

17.     The Clerk is directed to CLOSE this case.  All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of August, 2011.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record

EXHIBIT "A"
OPT-OUT LIST

*Those Wishing to Be Excluded*

| Name | Address |
| --- | --- |
| Andersen, Carol | 3121 Lakeshore Ave.<br>Maple Plain, MN 55359 |
| Arseneau, Georgette Claire | #202-9380 Cardston Court<br>Burnaby, BC V3N4R5 Canada |
| Azzopardi, Emmanuel | 244 Counnty Rd34 West<br>Essex, Ontario, N8M-2x5 |
| Benson, Louella F. | 6432 Montrose St.<br>Alexandria, VA 22312 |
| Bircher, Evelyn Jean | 4695 S Kalamath ST<br>Englewood, CO 80110 |
| Brandes, Bruce L. | 105 SE 2nd Pl<br>Crysal River, FL 34429 |
| Bronowicz, Laurie | 296 Palmer Lane<br>Mesquite Nv, 89027 |
| Brown, Carolyn and Bill | 783 Gowan Ave NW<br>Maple Lake, MN 55358 |
| Buhrow, Raymond Paul | 716 Forge Road<br>Carlisle, PA 17015 |
| Burns, Janie Audell | 301 Reservoir Dirve<br>Lawrenceburg, IN |
| Clapsaddle, Marvin | PO Box 747<br>Omak, WA 98841 |
| Clayton, Debra E. | 198 Southpark Dr.<br>Wadsworth, OH 44281 |
| Coleman, William | 19349 Coleman Brake Rd<br>Milford Center, OH 43045 |
| Cross, Daniel R | 655 Wiethaupt Rd<br>Florissant, MO 63031 |
| DiMurro, Antonietta | 1334 Blackwell RD<br>Sarnia ON N75 5L9<br>Canada |
| Freudenberger, Richard J. | 846 Coral Avenue<br>Bartlett, IL 60103 |
| Gilbert, Donald J | 342 Shadowlawn Avenue<br>Pittsburgh, PA 15216 |
| Gill, Clarence | HC 1 box 58C1<br>Gilbery, PA 18331 |
| Hardy, Phyllis | 3 Buffalo Bill Dr<br>Morgan's Pt Resort, TX 76513 |
| Harris, Karen | 403 North Dover Avenue<br>Atlantic City, NJ 8401 |
| Hays, Rita |  |
| Hickman, Nicholas F. | 15 Olde Orchard Dr.<br>Perrysburg, OH 43551 |

-1-

| | |
|---|---|
| Hunt, Victoria | P.O. Box 8075<br>Detroit, MI 48221 |
| Johnston, Kevin | 6454 S. Wheaton Dr.<br>Tuscon, AZ 85747 |
| Kamali, Francis Jr. | 46-149 Ohala Street<br>Kaneohe, HI 96744 |
| Khori, Joseph & Mary | 417 Pierce Drive<br>Chester Springs, PA 19425 |
| Lee, Don | 20 Lochern<br>London Ontaro Canada N5Z 4L6 |
| Leon, Lucinda (Cindy) I. | 15817 Vine Avenue<br>Spring Lake, MI 49456 |
| Manuel, Herminigilda | 416 Young Street<br>Woodburn, OR 97071 |
| Mazingo, Karen Ann | 274 Delleker Dr<br>Portola, CA 96122 |
| McGee, Troy | 14373 Fieldview Lane<br>Coker, AL 35452 |
| Mendoa, Jose | 621 Atom St.<br>Metaire, LA 70003 |
| Merrit, Loretta J. | 19198 NW 134th Avenue<br>Lake Butler, FL 32054 |
| Morgan, Trevor Gwynee | 20 Gibbas Way<br>Pembroke<br>Pembrokeshire<br>SA71 5JA<br>United Kingdom |
| Nygaard, Jeff | 20041 N Palo Verde Dr<br>Sun City, AZ 85373 |
| Ognibene, Todd C. | PO Box 281124<br>Lakewood, CO 80228 |
| O'Neil, Terrance J. Jr | HQ, ISAF<br>DCOS Stability<br>APO, AE 09356 |
| Peterson, Lois | BOX 236<br>Portage la Prairie, Manitoba, Canada<br>RIN 3B5 |
| Quesnay, Teresa Lyn | 354 Columbia Park Trail<br>Richland, WA 99352 |
| Record, John | 13201 Clayton Rd<br>St. Louis, MO 63131 |
| Roberts, Margaret S. | 4048 E. Capri Avenue<br>Mesa, AZ 85206 |
| Rose, John | |
| Rosser, Daniel A. | 264 Anglers Cove Rd.<br>Kingston, TN 37763 |
| Rozentals, Ruta and Andrejs | |
| Ruff, George | 1640 Halfacre Rd<br>Newberry, SC 29108 |
| Scalero, Nick | 255 Easy St., Apt 7<br>Mountain View, CA 94043 |

| | |
|---|---|
| Schillinger, Jeggrey J. Sr. | 813 Burton Ave<br>Mansfield, OH 44906 |
| Schlager, Robert | 2328 Lexington Circle N.<br>Canton, MI 48188 |
| Seely, Jack Wesner Sr. | 11600 Broad Oaks Drive<br>Austin, TX 78759 |
| Shaw, Elizabeth Anne | 7600 Richland Avenue<br>Kansas City, KS 66111 |
| Sherrod, Peter D | 4161 Pretty Walk LN<br>Norfolk, VA 23518 |
| Sikes, Barbara F. | 2100 Sanctuary Ct.<br>Virgina Beach, VA 23454 |
| Singleton, Vivian | P.O. Box 1852<br>Oak Park, IL 60304 |
| Stevens, Merril J, & Vivian A. | 120 Poplar Street<br>Dayton, OH 45415 |
| Strow, Anthony | 728 Penny Lane<br>Lakeland, FL 33813 |
| Thatcher, Ken | 1418 Eagles Way Ct<br>Hazelwood, MO 63042 |
| Tosdok, Beatriz A. | 9461 Charleville Boulevard #116<br>Beverly Hills, CA 90212 |
| Vitek, Richard A. | 605 Old Joppa Road<br>Joppa, MD 21085 |
| Walton, Cassandara | 12612 Bernay Pl<br>Louisville, KY 40243 |
| White, Aaron | P.O. Box 710<br>Girdwood, AK 99587 |
| White, Deryl | P.O.Box 780951<br>San Antonia, TX 78278 |
| White, Robin | P.O.Box 710<br>Girdwood, AK 99587 |
| White, Rose | P.O. Box 710<br>Girdwood, AK 99587 |
| Wiseman, Theodore F. | 3411 N. Union Ave<br>Tacoma, WA 98407 |
| Zigler, Laurel Kay | 550 Loveride Dr<br>Ontario, OR 97914 |